**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JULIA A. NORRIS,
Plaintiff-Appellant,

v.                                                                              No. 98-1660

FORD MOTOR COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-1378-A)

Argued: April 8, 1999

Decided: June 21, 1999

Before WILKINSON, Chief Judge, and NIEMEYER
and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jonathan Christian Dailey, DAILEY & KORTELING,
L.L.C., Washington, D.C., for Appellant. Deborah Moreland Russell,
MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond,
Virginia, for Appellee. **ON BRIEF:** Thomas L. Appler, E. Duncan
Getchell, Jr., Katrina C. Randolph, MCGUIRE, WOODS, BATTLE
& BOOTHE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In July 1994 Julia Norris was driving her 1992 Ford Tempo when she collided with another car. She alleges that she was injured because her driver's side airbag failed to deploy. She further claims that her injuries from the accident triggered a relapse of systemic lupus. Norris sued Ford Motor Company, alleging that the company was negligent in the manufacture of the airbag system. She offered the testimony of an expert witness who opined that a manufacturing defect caused the airbag failure. However, the district court excluded the expert's opinion as speculative. The court then granted judgment as a matter of law against Norris, concluding that she had failed to make a prima facie case of negligence against Ford. Norris now appeals, and we affirm.

I.

In support of her negligence claim against Ford, Norris offered the testimony of an expert, Michael Leshner, as to why the airbag failed to deploy. Leshner's opinion was that the "clockspring mechanism" in the airbag system was defective. The clockspring is part of the system's electrical wiring. It is designed to carry an electric current from the steering column to the steering wheel (which houses the airbag), preventing any twisting of the wiring harness as the steering wheel turns. In the event of a collision, two sensors trigger an electric current that passes along two wires from the vehicle's battery to the steering column, then up the steering column to the clockspring assembly. The clockspring carries the current into the steering wheel, where it fires the airbag. Leshner's proffered testimony was that a manufacturing defect in the clockspring caused excessive resistance in the electric circuit, blocking the signal that would trigger the deployment of the airbag.

Leshner did not examine the car or its airbag system. Instead, he based his opinion on a Technical Service Bulletin (TSB) issued by Ford for the 1992 Ford Tempo. This bulletin alerted service departments at Ford dealers to a problem with the clockspring in the airbag system. It stated:

> Intermittent Fault Code "6" (Air Bag warning on 1990/91 vehicles) or Code "32" (High Resistance or Open Circuit on 1992 vehicles) may appear. These codes may be the result of high resistance in the clockspring airbag circuits. Airbag function is not affected.

However, the TSB by its own terms did not apply to Norris's car. It was issued for Ford Tempos built before December 1, 1991; Norris's Tempo was made on April 8, 1992. Because Leshner's opinion was based on the TSB, which did not apply to Norris's car, the district court excluded the opinion as speculative. Norris declined to present any other evidence. The court then granted judgment as a matter of law for Ford, finding that Norris failed to present any evidence of negligence. Norris now appeals.

II.

The admissibility of expert opinion evidence is governed by Rule 702 of the Federal Rules of Evidence. That rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702. We review the district court's exclusion of Leshner's expert opinion for abuse of discretion. General Electric Co. v. Joiner, 522 U.S. 136, 138-39 (1997).

An expert may base his opinion on "facts or data" that were "perceived by or made known to the expert at or before the hearing." Fed. R. Evid. 703. An expert opinion should be excluded, however, if "it

is based on assumptions which are speculative and are not supported by the record." Tyger Constr. Co. v. Pensacola Constr. Co., 29 F.3d 137, 142 (4th Cir. 1994); see also Cunningham v. Rendezvous, Inc., 699 F.2d 676, 678 (4th Cir. 1983).

Leshner's opinion that the clockspring mechanism was defective was based on the Ford TSB's identification of a potential problem in certain cars. However, by its own terms, the TSB did not apply to Norris's car. Leshner's opinion merely assumed that the problem identified in the TSB had not been corrected when Norris's car was built. He had no factual basis for this assumption. Without having examined the car and its airbag system -- and with only the inapplicable TSB for support -- Leshner's opinion as to why the airbag failed to deploy was speculative. Therefore, we cannot say that the district court abused its discretion by excluding his opinion.

Norris offered no other evidence of negligence by Ford. Under Virginia law, the existence of a defect may not be inferred from the mere fact that an injury occurred. See Featherall v. Firestone Tire & Rubber Co., 252 S.E.2d 358, 367 (Va. 1979) ("From the mere happening of an accident, we will not conclude that the product was inherently dangerous"). The district court therefore properly granted judgment as a matter of law to Ford because Norris failed to make a prima facie case of negligence.

III.

For the reasons stated above, the judgment of the district court is affirmed.

AFFIRMED